U.S. COURT OF APPEALS
RECEIVED
Feb 19, 2026
FIFTH CIRCUIT

**No. 25-30695**

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Felicia Scroggins,

Plaintiff - Appellant

v.

City of Shreveport,

Defendant - Appellee

---

**On Appeal from**

United States District Court for the Western District of Louisiana

5:23-CV-1549

---

**BRIEF OF APPELLANT FELICIA SCROGGINS**

SUBMITTED BY:

Felicia Scroggins

9314 Sandalwood Drive
Shreveport, LA 71118

# CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellees:** | **Counsel for Appellees:** |
|---|---|
| City of Shreveport | Joseph Woodley of Pettiette, Armand, Dunkelman, Woodley & Cromwell Shreveport, LA |

| **Appellants:** | **Counsel for Appellants:** |
|---|---|
| Felicia Scroggins (pro se) | Felicia Scroggins Shreveport, LA |

| **Other Interested Parties:** | **Counsel for Interested Parties:** |
|---|---|
| | |
| | |
| | |

S/Felicia Scroggins
Pro Se Litigant

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is respectfully requested.

This appeal presents significant legal questions concerning the proper application of Federal Rule of Civil Procedure 56, the standards governing summary judgment in ADA discrimination and Title VII retaliation claims, and the constitutional requirements of pre-termination process under the Fourteenth Amendment as articulated in Cleveland Board of Education v. Loudermill.

The district court granted summary judgment despite disputed issues of material fact concerning Appellant's qualification under the ADA, continuation of reasonable accommodation, comparator treatment and pretext, and the adequacy of the Pre-Disciplinary Conference procedure. These issues are fact-intensive and central to the jury's constitutional role.

Because this appeal involves de novo review, the boundaries of summary judgment, and preservation of the Seventh Amendment right to trial by jury, oral argument would assist the Court.

# TABLE OF CONTENTS

Contents Page(s)


CERTIFICATE OF INTERESTED PERSONS .................................................. iii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iv

TABLE OF CONTENTS ......................................................................... v

TABLE OF AUTHORITIES ..................................................................... 1-2

JURISDICTIONAL STATEMENT ........................................................... 3

STATEMENT OF THE ISSUES ............................................................... 3-4

STATEMENT OF THE CASE ................................................................. 4-6

STATEMENT OF FACTS ……………………………………………….......6-8

SUMMARY OF THE ARGUMENT ....................................................... 8-10

ARGUMENT ........................................................................................ 10-14

CONCLUSION ..................................................................................... 14-15

CERTIFICATE OF SERVICE ..................................................................16

CERTIFICATE OF COMPLIANCE ............................................................17

# TABLE OF AUTHORITIES

**Cases……………………………………………………………Pages(s)**

Anderson v. Liberty Lobby, Inc.,

477 U.S. 242 (1986) ............................................................................8, 10, 11, 12

Cleveland Board of Education v. Loudermill,

470 U.S. 532 (1985) ..........................................................................iv, 4, 9, 13, 14

EEOC v. Chevron Phillips Chemical Co.,

570 F.3d 606 (5th Cir. 2009) ........................................................................8-9, 10

EEOC v. LHC Group, Inc.,

773 F.3d 688 (5th Cir. 2014) ............................................................................9, 10

Lee v. Kansas City Southern Railway Co.,

574 F.3d 253 (5th Cir. 2009) ...............................................................................12

Loulseged v. Akzo Nobel Inc.,

178 F.3d 731 (5th Cir. 1999) ............................................................................9, 11

Reeves v. Sanderson Plumbing Products, Inc.,

530 U.S. 133 (2000) .........................................................................................9, 12

Russell v. McKinney Hospital Venture,

235 F.3d 219 (5th Cir. 2000) ............................................................................9, 12

Tolan v. Cotton,

572 U.S. 650 (2014) ............................................................................8, 10, 11, 12

Statutes

28 U.S.C. § 1291 .......................................................................................................3

28 U.S.C. §§ 1331, 1343 ..................................................................................3, 5

42 U.S.C. § 12101 et seq.
(Americans with Disabilities Act) ..........................................................iv, 3, 4, 8, 14
42 U.S.C. § 12111(8) ..................................................................................10
42 U.S.C. § 12112(a) ..................................................................................10
42 U.S.C. § 12112(b)(5)(A) …………………………………………………11
42 U.S.C. § 2000e et seq.
(Title VII of the Civil Rights Act of 1964) ................................................iv, 3, 4, 12

Constitutional Provisions

U.S. Const. amend. VII ..........................................................................iv, 4, 9, 13
U.S. Const. amend. XIV (Due Process.......................................................iv, 3, 4, 8

Rules

Fed. R. Civ. P. 56 ...................................................................iv, 4, 5, 6, 8, 10, 12, 15
Fed. R. App. P. 4(a)(1)(A) ..........................................................................3

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Appellant's claims arise under federal law, including the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Due Process Clause of the Fourteenth Amendment.

The district court entered a final judgment disposing of all claims with prejudice. Appellant timely filed a Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).

This Court has appellate jurisdiction under 28 U.S.C. § 1291 because the appeal is taken from a final decision of the district court.

## STATEMENT OF THE ISSUES

ADA Qualification / Discrimination

Whether the district court erred in granting summary judgment on Appellant's ADA discrimination claim where genuine disputes of material fact exist regarding whether Appellant was a qualified individual capable of performing the essential functions of her position with reasonable accommodation, including evidence that she was actively working in an approved light-duty capacity at the time of termination and had not exhausted the 365-day statutory leave period applicable to fire-service employees.

Reasonable Accommodation / Interactive Process

Whether the district court erred in concluding that the City satisfied its obligations under the ADA to provide reasonable accommodation and to engage in the interactive process in good faith where the record reflects disputed evidence regarding continuation of modified duty and the availability of accommodation.

Retaliation / Pretext (Title VII)

Whether the district court erred in granting summary judgment on Appellant's Title VII retaliation claim where evidence of protected activity, temporal proximity, comparator treatment, and disputed employer justifications create a triable issue of fact regarding causation and pretext.

Procedural Due Process (Fourteenth Amendment)

Whether the district court erred in dismissing Appellant's procedural due process claim where termination was imposed immediately following the Pre-Disciplinary Conference in deviation from departmental policy prohibiting corrective action at the conclusion of the PDC, creating a genuine dispute of material fact regarding predetermination and the constitutional adequacy of the pre-termination hearing under Cleveland Board of Education v. Loudermill.

Rule 56 and Seventh Amendment

Whether the district court misapplied Federal Rule of Civil Procedure 56 and violated the Seventh Amendment by weighing evidence, resolving credibility determinations, and drawing inferences against the non-moving party in granting summary judgment on disputed factual issues.

## STATEMENT OF THE CASE

A. Nature of the Case

This is a federal civil rights employment action arising from Appellant Felicia Scroggins' termination from employment with the City of Shreveport. Appellant asserted claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and deprivation of procedural due process under the Fourteenth Amendment to the United States Constitution.

Appellant alleged that she was a qualified individual with a disability within the meaning of the ADA; that she was capable of performing the essential functions of her position with reasonable accommodation; that the City failed to engage in the interactive process in good faith; that the City retaliated against her for engaging in

protected activity; and that the City deprived her of constitutionally adequate pre-termination process.

At the time of her termination, Appellant was working in an approved light-duty capacity pursuant to physician authorization. She had not exhausted the 365-day sick-leave period applicable to fire-service employees.

Appellant demanded trial by jury on all claims.

B. Course of Proceedings

Appellant filed her Complaint in the United States District Court for the Western District of Louisiana, invoking federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343.

The City answered and denied liability.

Following discovery, the City moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of all claims as a matter of law. In its motion, the City argued that Appellant was not a qualified individual under the ADA; that no reasonable accommodation was required; that the interactive process obligation had been satisfied; that the retaliation claim failed for lack of causation or pretext; and that the pre-termination procedures satisfied due process requirements.

Appellant filed a written opposition to summary judgment. In her opposition, Appellant identified disputes of material fact, including disputes concerning:

Her medical authorization to work with restrictions;

Her light-duty status at the time of termination;

The availability of accommodation options;

The City's stated reasons for termination;

The treatment of other employees;

The application of departmental policy governing the Pre-Disciplinary Conference ("PDC").

Appellant argued that these disputes precluded summary judgment.

C. The Pre-Disciplinary Conference and Termination

The City initiated disciplinary proceedings and scheduled a Pre-Disciplinary Conference ("PDC"). Appellant received notice of the allegations and was permitted to respond during the PDC.

Departmental policy governing the PDC stated that corrective action would not be administered at the conclusion of the conference and contemplated further procedural steps.

After the PDC concluded, Appellant was asked to step outside the room. She was then called back in and presented with termination paperwork. The termination occurred immediately following the PDC.

The City maintains that the pre-termination procedures were adequate and that legitimate reasons supported termination. Appellant disputes those conclusions.

D. Disposition Below

The district court granted the City's Motion for Summary Judgment and dismissed all claims with prejudice.

In doing so, the court concluded that Appellant was not a qualified individual under the ADA; that no reasonable accommodation was required as a matter of law; that the retaliation claim failed to establish causation or pretext; and that the pre-termination process satisfied constitutional requirements.

The district court determined that no genuine dispute of material fact existed and that the City was entitled to judgment as a matter of law under Rule 56.

Final judgment was entered disposing of all claims.

Appellant timely filed a Notice of Appeal.

E. Preservation of Jury Trial Right

Throughout the proceedings below, Appellant demanded trial by jury.

The district court's grant of summary judgment resolved disputed factual issues—including qualification under the ADA, availability of accommodation, motive and pretext, comparator treatment, and the adequacy of pre-termination procedures—without submission to a jury.

This appeal seeks review of that ruling.

# STATEMENT OF FACTS

Appellant, Felicia R. Scroggins, was a long-serving employee of the City of Shreveport. During her employment, she sustained a work-related injury and was diagnosed with medical conditions, including post-traumatic stress disorder ("PTSD"). The City was aware of her medical status and restrictions.

Following her diagnosis, Appellant provided medical documentation reflecting that she was able to work with restrictions. Pursuant to that medical authorization, Appellant was placed in a light-duty assignment. She performed modified duties consistent with her physician's restrictions.

At the time relevant to her termination, Appellant was actively working in that approved light-duty capacity. She was not removed from service for inability to work. She was reporting for duty and performing assigned modified responsibilities.

Under statutory protections applicable to fire-service employees, Appellant was entitled to up to 365 days of sick leave with medical approval. At the time of her termination, she had not exhausted that statutory leave period.

The City initiated disciplinary proceedings and scheduled a Pre-Disciplinary Conference ("PDC"). Appellant received written notice of the allegations and was informed of the date and time of the PDC.

Appellant appeared at the PDC and was given an opportunity to respond to the allegations. She provided her explanation and addressed the issues raised by the City.

Departmental policy governing the PDC expressly provided that corrective action would not be administered at the conclusion of the conference itself and contemplated further procedural safeguards before discipline would be imposed.

After the PDC concluded, Appellant was asked to step outside the room. She was then called back into the room and presented with termination paperwork. The termination occurred immediately following the PDC.

At the time termination was imposed:

• Appellant remained medically authorized to work with restrictions;

• She was actively performing light-duty assignments;

• She had not exhausted the 365-day statutory leave protection.

The City asserted that termination was justified based on attendance, fitness-for-duty, and related concerns. Appellant disputes the City's characterization of those concerns and maintains that she was capable of working within her restrictions and that accommodation options remained available.

Appellant further contends that other employees whose sick leave usage was reviewed were not terminated under similar circumstances and that the timing and sequence of events surrounding her termination support an inference that the decision had been made before meaningful consideration of her response at the PDC.

The City disputes Appellant's interpretation of these events and maintains that the pre-termination process was adequate and that legitimate reasons supported termination.

These competing factual accounts form the basis of the present appeal

## SUMMARY OF THE ARGUMENT

The district court's grant of summary judgment should be reversed because genuine disputes of material fact permeate Appellant's ADA discrimination, failure-to-accommodate, retaliation, disparate treatment, and procedural due process claims. Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only when no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law. The Supreme Court has repeatedly instructed that courts may not weigh evidence, resolve credibility disputes, or draw inferences against the nonmovant at the summary-judgment stage. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Tolan v. Cotton, 572 U.S. 650 (2014). The district court's ruling did precisely what Rule 56 forbids.

First, the district court erred in concluding that Appellant was not a qualified individual under the Americans with Disabilities Act. The record reflects that at the time of termination Appellant was actively working in an approved light-duty capacity pursuant to physician authorization and had not exhausted the 365-day statutory sick leave period applicable to fire-service employees. Whether Appellant

could perform the essential functions of her position with reasonable accommodation is a fact-intensive inquiry reserved for the jury. See EEOC v. Chevron Phillips Chemical Co., 570 F.3d 606 (5th Cir. 2009); EEOC v. LHC Group, Inc., 773 F.3d 688 (5th Cir. 2014). By resolving disputed facts concerning medical clearance, accommodation viability, and statutory leave protections in favor of the City, the district court improperly substituted its judgment for that of a factfinder.

Second, the district court erred in concluding that the City satisfied its duty to engage in the interactive process. The Fifth Circuit recognizes that the interactive process is a good-faith obligation and that disputes regarding whether accommodation options were meaningfully explored are typically fact questions. Loulseged v. Akzo Nobel Inc., 178 F.3d 731 (5th Cir. 1999). The evidence supports competing inferences regarding whether the City prematurely terminated the accommodation process despite the availability of modified duty.

Third, the district court improperly resolved issues of motive, comparator treatment, and pretext. Under Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000), evidence undermining an employer's explanation may permit a reasonable inference of unlawful motive. The Fifth Circuit likewise recognizes that disputes concerning retaliatory intent and pretext are generally for the jury. Russell v. McKinney Hospital Venture, 235 F.3d 219 (5th Cir. 2000). By crediting the City's stated reasons and discounting Appellant's competing evidence, the district court invaded the province of the jury.

Fourth, the ruling infringed upon Appellant's Seventh Amendment right to jury trial. Where genuine disputes of material fact exist regarding qualification, accommodation, motive, and comparator treatment, summary judgment cannot be used to remove those disputes from the jury's constitutional role.

Finally, the district court erred in dismissing Appellant's procedural due process claim. Although Appellant received notice and an opportunity to speak at the Pre-Disciplinary Conference ("PDC"), departmental policy expressly prohibited corrective action at the conclusion of that conference. Nevertheless, Appellant was terminated immediately following the PDC. Under Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), due process requires a meaningful opportunity to respond before the employer makes a final decision. A reasonable jury could conclude that termination imposed immediately in deviation from written policy supports an inference of predetermination and renders the pre-termination hearing constitutionally deficient.

Because material factual disputes exist across all claims, and because the district court resolved those disputes in favor of the movant, reversal and remand for jury trial are required.

# ARGUMENT

Standard of Review

This Court reviews a grant of summary judgment de novo, applying the same standard as the district court. Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

At the summary judgment stage, courts may not weigh evidence, make credibility determinations, or resolve factual disputes. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Instead, all evidence must be viewed in the light most favorable to the nonmovant, and all reasonable inferences must be drawn in her favor. Tolan v. Cotton, 572 U.S. 650, 657 (2014). When the record supports competing inferences concerning material facts—particularly motive, qualification, or intent—summary judgment must be denied and the dispute submitted to a jury.

I. The District Court Erred in Granting Summary Judgment on Appellant's ADA Discrimination Claim.

To establish an ADA discrimination claim, a plaintiff must demonstrate that she is a qualified individual with a disability and that she suffered an adverse employment action because of that disability. 42 U.S.C. § 12112(a). A "qualified individual" is one who can perform the essential functions of the employment position, with or without reasonable accommodation. 42 U.S.C. § 12111(8).

Whether an employee is "qualified" is a fact-intensive inquiry that depends on the particular circumstances of the employment position and the employee's medical limitations. The Fifth Circuit has repeatedly recognized that disputes regarding qualification and reasonable accommodation are often inappropriate for resolution on summary judgment where the record supports competing inferences. See EEOC v. Chevron Phillips Chemical Co., 570 F.3d 606, 615–17 (5th Cir. 2009); EEOC v. LHC Group, Inc., 773 F.3d 688, 697 (5th Cir. 2014).

Here, the record reflects that at the time of termination:

Appellant was actively working in an approved light-duty capacity pursuant to physician authorization;

She remained medically cleared to perform work with restrictions;

She had not exhausted the 365-day statutory sick leave protection applicable to fire-service employees.

These facts directly contradict the conclusion that she was categorically unable to perform the essential functions of her position with reasonable accommodation. The existence of ongoing light-duty work demonstrates that accommodation was not speculative—it was functioning in practice.

A reasonable jury could conclude that Appellant was capable of performing the essential functions of her position with reasonable accommodation. By resolving this factual dispute in favor of the City, the district court improperly weighed evidence and drew inferences against the nonmovant, contrary to Anderson and Tolan.

II. The District Court Erred in Concluding That the City Satisfied Its Obligation to Provide Reasonable Accommodation and Engage in the Interactive Process.

The ADA requires employers to make reasonable accommodations for known limitations unless doing so would impose undue hardship. 42 U.S.C. § 12112(b)(5)(A). The interactive process is the means by which employers and employees identify appropriate accommodations. The Fifth Circuit recognizes that this process requires good-faith participation and that disputes regarding its adequacy typically present fact questions. Loulseged v. Akzo Nobel Inc., 178 F.3d 731, 736–37 (5th Cir. 1999).

The record supports competing inferences regarding whether the City meaningfully engaged in the interactive process before terminating Appellant. At the time of termination, Appellant was actively working light duty and remained within statutory leave protection. Rather than continuing accommodation efforts or reassessing restrictions, the City proceeded with termination.

A reasonable jury could conclude that the City prematurely abandoned the interactive process despite viable accommodation options. The district court's ruling effectively accepted the City's characterization of the process rather than drawing reasonable inferences in Appellant's favor. That was improper at summary judgment.

## III. The District Court Improperly Resolved Issues of Retaliation, Comparator Treatment, and Pretext.

Title VII prohibits retaliation against an employee because she engaged in protected activity. 42 U.S.C. § 2000e et seq. Retaliation claims frequently turn on motive and intent—issues that are inherently factual and rarely suitable for summary judgment when the record permits competing inferences.

Under Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147–48 (2000), evidence that undermines an employer's stated explanation may permit a reasonable inference of unlawful motive. The Fifth Circuit similarly recognizes that disputes concerning pretext and retaliatory intent are generally reserved for the jury. Russell v. McKinney Hospital Venture, 235 F.3d 219, 223–24 (5th Cir. 2000).

Appellant presented evidence challenging the City's stated reasons for termination and pointing to inconsistencies and timing that support an inference of retaliatory or discriminatory motive. She further presented evidence that other employees were not terminated under similar circumstances while she remained within statutory leave protection.

Whether the City's reasons were legitimate or pretextual is a credibility determination. By resolving those questions in favor of the City, the district court exceeded the limited function of Rule 56 and deprived the jury of its constitutional role.

The Fifth Circuit has held that employees are similarly situated when they are treated differently under nearly identical circumstances. Lee v. Kansas City Southern Railway Co., 574 F.3d 253, 259–60 (5th Cir. 2009). Whether comparators are sufficiently similar is generally a fact-intensive determination inappropriate for summary judgment where competing inferences exist.

## IV. The District Court Misapplied Rule 56 by Weighing Evidence and Resolving Factual Disputes.

Rule 56 does not permit courts to choose between competing versions of events. Anderson, 477 U.S. at 255. In Tolan, the Supreme Court reversed summary judgment where the lower court failed to credit evidence favorable to the nonmovant and resolved factual disputes against her. 572 U.S. at 657–60.

Here, material disputes exist concerning:

Appellant's medical authorization;

The availability of reasonable accommodation;

The effect of 365-day statutory leave protection;

The legitimacy of the City's stated reasons;

The timing and sequence of the termination decision;

The adequacy of pre-termination procedures.

The district court's decision necessarily resolved these disputes in the City's favor. That constitutes improper weighing of evidence and failure to draw reasonable inferences in favor of the nonmovant.

V. The District Court's Ruling Improperly Removed Disputed Fact Questions from the Jury in Violation of the Seventh Amendment.

The Seventh Amendment preserves the right to trial by jury in civil cases involving legal claims. When genuine disputes of material fact exist, summary judgment cannot be used to supplant the jury's constitutional function.

Here, disputed factual issues regarding qualification, accommodation, motive, pretext, comparator treatment, and procedural adequacy should have been submitted to a jury. By granting summary judgment, the district court deprived Appellant of her constitutional right to have those disputes resolved by a factfinder.

VI. The District Court Erred in Dismissing Appellant's Procedural Due Process Claim.

Under Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985), a public employee with a protected property interest in continued employment is entitled to notice and a meaningful opportunity to respond before termination. Although pre-termination hearings need not be elaborate, they must be meaningful and must occur before the employer makes a final decision.

Whether a hearing was meaningful is a factual inquiry where evidence supports an inference that the decision had already been made.

VII. Immediate Termination Following the Pre-Disciplinary Conference Created a Genuine Dispute Regarding Predetermination.

Departmental policy expressly prohibited corrective action at the conclusion of the Pre-Disciplinary Conference (“PDC”). Nevertheless, Appellant was asked to step outside following the PDC, called back in, and immediately presented with termination paperwork.

This deviation from mandatory procedure, coupled with the fact that Appellant remained medically authorized and within statutory leave protection, supports a reasonable inference that the decision to terminate was made before meaningful consideration of her response.

Under Loudermill, due process requires that the opportunity to respond occur before the employer makes a final decision—not merely before announcing a decision already reached.

At minimum, these facts create a genuine dispute of material fact regarding predetermination and the constitutional adequacy of the pre-termination process. Summary judgment was therefore improper.

## CONCLUSION

For the foregoing reasons, the district court’s grant of summary judgment should be reversed.

Genuine disputes of material fact exist regarding Appellant’s status as a qualified individual under the Americans with Disabilities Act, the availability and continuation of reasonable accommodation, the City’s compliance with its obligation to engage in the interactive process, the existence of retaliatory motive and pretext, the treatment of similarly situated employees, and the constitutional adequacy of the pre-termination procedure under Cleveland Board of Education v. Loudermill.

The record reflects that at the time of termination Appellant was actively working in an approved light-duty capacity pursuant to physician authorization and had not exhausted the 365-day statutory leave protection applicable to fire-service employees. Whether those facts establish qualification, pretext, or improper motive

presents classic jury questions. Under Federal Rule of Civil Procedure 56, those disputes may not be resolved by judicial weighing of evidence.

By granting summary judgment, the district court resolved disputed factual issues, credited the City's narrative over Appellant's competing evidence, and deprived Appellant of her Seventh Amendment right to trial by jury on material fact questions.

Accordingly, Appellant respectfully requests that this Court:

Reverse the district court's order granting summary judgment;

Vacate the judgment entered below;

Remand this matter to the district court for trial by jury on all claims; and

Grant such other and further relief to which Appellant may be justly entitled.

Respectfully submitted,

/s/Felicia R. Scroggins

Pro Se Appellant

# CERTIFICATE OF SERVICE

I certify that on February 19, 2026, this Brief of Appellant was electronically submitted to the Clerk of the United States Court of Appeals for the Fifth Circuit (pro_se@ca5.uscourts.gov) in accordance with the Court's procedures for pro se litigants. I further certify that a true and correct copy was served on counsel for Appellee, Joseph Woodley, via electronic mail (jwoodley@padwbc.com) on the same date.

Respectfully submitted,

/s/Felicia Scroggins
Pro Se Appellant

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the portions exempted by Rule 32(f), this brief contains 3862 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Times New Roman, 14-point font.

Respectfully submitted,

/s/Felicia Scroggins

Pro Se Appellant