**CASE NO. 25-30695**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**FELICIA SCROGGINS,**

Plaintiff - Appellant,

**VERSUS**

**CITY OF SHREVEPORT,**

Defendant - Appellee

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION**
**CIVIL DOCKET NO. 5:23-CV-01549**
**S. MAURICE HICKS, DISTRICT JUDGE**

---

# ORIGINAL BRIEF OF DEFENDANT - APPELLEE, CITY OF SHREVEPORT

---


PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY & CROMWELL, L.L.P.
/s/ Joseph S. Woodley
Joseph S. Woodley, La. Bar No. 19228
Rachel B. Hensley, La. Bar No. 41678
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800 Phone (318) 226-0390 Fax
Email: jwoodley@padwbc.com
Email: rbritt@padwbc.com

**CASE NO. 25-30695**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**FELICIA SCROGGINS,**

Plaintiff - Appellant,

**VERSUS**

**CITY OF SHREVEPORT,**

Defendant - Appellee

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION**
**CIVIL DOCKET NO. 5:23-CV-01549**
**S. MAURICE HICKS, DISTRICT JUDGE**

---

**ORIGINAL BRIEF OF**
**DEFENDANT - APPELLEE, CITY OF SHREVEPORT**

---

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed private nongovernmental persons and entities, as described in the Fifth Circuit Rule 28.2.1,[1]

[1] The sole Defendant-Appellee is the City of Shreveport, a governmental entity.

have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| **Defendant - Appellee** | **Attorney for Defendant - Appellee** |
| --- | --- |
| City of Shreveport | Joseph S. Woodley, Bar #19228<br>Rachel B. Hensley, Bar #41678<br>Pettiette, Armand, Dunkelman,<br>Woodley, & Cromwell, L.L.P.<br>400 Texas Street, Suite 400 (71101)<br>Post Office Box 1786<br>Shreveport, Louisiana 71166-1786<br>E-mail jwoodley@padwbc.com<br>E-mail rbritt@padwbc.com |
| **Plaintiff - Appellant** | ***Pro Se* Plaintiff - Appellant** |
| Felicia Scroggins | Felicia Scroggins<br>9314 Sandalwood Drive<br>Shreveport, Louisiana 71118<br>E-mail: Felicia.Scroggins@shreveportla.gov |

Shreveport, Louisiana, this 25th day of March, 2026.

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY & CROMWELL, L.L.P.
/s/ Joseph S. Woodley
Joseph S. Woodley, La. Bar No. 19228
Post Office Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800 Phone (318) 226-0390 Fax
Shreveport, Louisiana 71166-1786
E-mail jwoodley@padwbc.com
E-mail rbritt@padwbc.com

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rule 28.2.3, Defendant - Appellee suggests that oral argument is not necessary and that this appeal can be decided on the briefs and record alone.

## TABLE OF CONTENTS


CERTIFICATE OF INTERESTED PERSONS .................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS ............................................................................. iv

TABLE OF AUTHORITIES ........................................................................ vi

STATEMENT OF JURISDICTION ................................................................ 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW .................................... 2

STATEMENT OF THE CASE ....................................................................... 3

SUMMARY OF THE ARGUMENT ................................................................ 7

ARGUMENT ............................................................................................... 8

1. Standard of Review……………………………………………………......8

2. Appellant cannot establish a *Prima Facie* case of discrimination under the ADA……………………………………………………………..…….8

    a. Appellant is not a qualified employee………………………………...9

    b. The SFD actions were legitimate and non-pretextual. ……………..…..13

3. Retaliation Claim………………………………………………….………..16

4. Procedural Due Process Claims (Nullity)………………………...……..18

5. Appellant's Seventh Amendment right to a jury was not violated, as there were no issues of fact remaining for a jury to decide..………………21

CONCLUSION……………………………………….…………………………..23

CERTIFICATE OF SERVICE………………………………………………………….24

CERTIFICATE OF COMPLIANCE……………………………………………...25

## TABLE OF AUTHORITIES

**United States Constitution:**

Seventh Amendment of the United States Constitution .................................. 21, 22

Fourteenth Amendment of the United States Constitution .................................. 2, 7

**Statutes:**

28 U.S.C. § 1291……………………………………………………………...…1

La. Const. I, Art. 2………………………………………………...……….... 18

Fed R. Civ. P. 56……………………………………………………………2, 8

La. R.S. 33:1995………………………..……………………………..4, 18, 19

La. R.S. 33:2500….……………………….……………………3, 4, 6, 20

La. R.S. 33:2501……………………………………………………………..19

La. R.S. 33:2501(E)(1)………………………………………………………19

La. R.S. 33:2537(5)………………………………………………………….19

**Other:**

Title VII..…………………………..…………..…………………………..2, 7, 16, 17, 21

Americans with Disabilities Act (“ADA”)……………………..2, 7, 8, 9, 10, 12, 13

Family Leave and Family Medical Leave Act (“FMLA”)…………………………3

**Cases**:


*Bates v. City of Denham Springs*,
2022-0853 (La. App. 1 Cir. 04/18/23), 367 So. 3d 102)…………………………. 19

*Brown v. Walmart Stores East, L.P.*,
969 F.3d 571, 577 (5th Cir. 2020)…………………………………………....9, 16

*Delaval v. PTech Drilling Tubulars, L.L.C.*,
824 F.3d 476, 480 (5th Cir. 2016)……………………………………………15

*Dupre v. Charter Behavioral Health Systems of Lafayette Inc.*,
242 F.3d 610, 613 (5th Cir. 2001)…………………………………………… 9

*EEOC v. LA office of Cmty. Servs.*,
47 F.3d 1438, 1448 (5th Cir. 1995)…………………………………………. 16

*Gosby v. Apache Indus. Servs., Inc.*,
30 F.4th 523, 525-527 (5th Cir. 2022)……………………………........8, 9, 16

*Hypes ex rel. Hypes v. First Commerce Corps.*,
134 F.3d 721, 726-727 (5th Cir. 1998)…………………...……….…………9, 13

*Hypes on Behalf of Hypes*,
134 F.3d at 728-29………………………………………………………….….....8

*Jenkins v. Cleco Power, LLC*,
487 F.3d 309, 315 (5th Cir. 2007)..…………………………………………….12

*Le Maire v. La. Dep't of Transp. & Dev.*,
480 F.3d 383 (5th Cir. 2007)…………………………………………..……...17

*Maurer v. Town of Indep.*,
No. 13-5450, 2015 U.S. Dist. LEXIS 25064, at *5 (E.D. La. Mar. 2, 2015)….….18

*McCoy v. City of Shreveport*,
492 F.3d 551, 556-57 (5th Cir. 2007)…………………………………… …16

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973)…………………………………………………………..…9, 16

*Moreau v. St. Landry Par. Fire Dist. No. 3*,
413 F. Supp. 3d 550, 563 (W.D. La. 2019),
aff'd, 808 Fed. Appx. 225 (5th Cir. 2020)…………………………………..…19, 20

*Sansone v. Jazz Casino Company, LLC*,
2:12-CV-14093, 2021 WL 3919249, at *2 (5th Cir. 2021).………………………17

*Shahrashoob v. Texas A&M University*,
2025 WL 47503 (5th Cir. 2025) ……………………………………..…..…..17, 18

*SEC v. Jarkesy*,
603 U.S. 109 (2024)…………………………………………………………21

*Turco v. Hoechst Celanese Corp*.,
101 F.3d 1090, 1093 (5th Cir. 1996)……………………………………...…10

*Valdez v. City of McAllen*,
No. 7:21-cv-00367, 2023 U.S. Dist. LEXIS 21908,
at *5 (S.D. Tex. Feb. 9, 2023)…………………………………...………10, 13, 14

*United States v. ERR, LLC*,
35 F.4th 405, 411 (5th Cir. 2022)……………………………………...…..21

*Weber v. BNSF Railway Company*,
989 F. 3d 320-321, 324 (5th Cir. 2021)…………………………...……10, 11, 12

## STATEMENT OF JURISDICTION

On October 30, 2025, the United States District Court for the Western District of Louisiana entered a Judgment granting Defendant's Motion for Summary Judgment and dismissing all of Appellant's claims with prejudice. (ROA.543). On November 25, 2025, Appellant filed her Notice of Appeal seeking review of the district court's ruling. (ROA.544). This Court has jurisdiction as granted by 28 U.S.C. § 1291 for jurisdiction of appeals from all final judgments of district courts of the United States.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Appellant appeals the grant of a Motion for Summary Judgment made pursuant to F.R.C.P. 56 in favor of Appellee. Appellant seeks review of "all adverse rulings and orders merged into the final judgment, including but not limited to the Court's denial of a jury trial and its findings under the Americans with Disabilities Act, Title VII, and the Fourteenth Amendment Due Process Clause." (ROA.544). Appellant failed to carry her burden under F.R.C.P. 56 and her claims were correctly dismissed by the district court.

## STATEMENT OF THE CASE

On January 19, 2023, Appellant Felicia Scroggins' employment as a Fire Engineer for the Appellee, Shreveport Fire Department ("SFD"), was terminated. Appellant was employed at the SFD from May 15, 2001, until her termination. The reason for the Appellant's termination was a violation of La. R.S. 33:2500(A)(1) "Unwillingness or failure to perform the duties of his position in a satisfactory manner." (La. Rev. Stat. Ann. § 33:2500; ROA.84).

In accordance with the SFD Administrative Procedure for "Sick Leave and Family Medical Leave Act" ("FMLA"), SFD requires all members to be able to perform 14 essential job tasks to be considered fit for duty. (ROA.89). Within the essential functions of members' positions, the member must "have regular and predictable attendance." (ROA.91). A diagnosis of PTSD cannot be diagnosed by a psychiatrist or psychologist. An employee, before returning from sick leave for a post-traumatic stress injury ("PTSD" or "PTSI"), must complete a Return to Work evaluation performed by a legally acceptable clinician and be diagnosed by a psychiatrist or psychologist. (ROA.96). Furthermore, members' patterns of absenteeism may indicate abuse of leave. (ROA. 99).

In response to excessive absenteeism in the department, SFD investigated seven individuals who within five years missed at least twenty percent (20%) of the available days of work. (ROA.264, 267). When a member is absent or hours are

shortened, the SFD must pay overtime to "fill the void created by her absences," which affects the department's budget and the efficient operation of the department. (ROA.88, 278).

On December 2, 2022, Appellant was given notice that a formal investigation/interrogation was being conducted. (ROA.102). The Notice informed Appellant that she was being investigated for a violation of La. R.S. 33:2500(A)(1). (ROA.102). The investigation revealed Appellant had the most absences of any employee in the department, with 64.6% of work missed, totaling 1,153 of 1,779 available days missed. (ROA.88). On two occasions, Appellant returned to work just prior to the fifty-two-week limit on sick leave allowed by La. R.S. 33:1995 and, shortly thereafter, returned to sick leave status. (ROA.88). The dates Appellant was absent from work included:

- June 4, 2018, to June 6, 2018
- June 12, 2018, to July 23, 2018
- September 17, 2018, to September 19, 2018.
- January 15, 2019, to January 21, 2019.
- February 19, 2019, to March 10, 2019.
- March 28, 2019, to March 23, 2020 (361 days).
- July 25, 2020, to July 15th, 2021 (355 days).
- November 15th, 2021, until July 13th, 2022 (240 days).
- July 13, 2022, until November 2022 (124). (ROA.88).

On December 19, 2022, Appellant returned from a leave of absence and began working part time on limited duty. On limited duty, Appellant worked four hours a day, five days a week until January 2023. The SFD's "Limited Duty" policy mandates limited duty shall not exceed ninety days unless approved by the Fire Chief every thirty days thereafter. (ROA.86). Furthermore, the SFD's FLMA policy requires members to be considered "Fit for Duty" to return or remain in their position and be able to perform the 14 essential tasks. (ROA.91).

On January 5, 2023, Appellant was sent notice that a Pre-Disciplinary Conference ("PDC") would be held on January 19, 2023. (ROA.234). The Notice provided that Appellant would be given the opportunity to present evidence and witnesses. (ROA.236). Additionally, the notice states that Appellant in accordance with the FF Bill of Rights would be allowed to have counsel or a representative at the scheduled PDC. (ROA.190; La R.S. 33:2186).

At the PDC, Appellant mentioned several reasons for taking leave and reasons that would not allow her to perform her duties. (ROA.89). Included in Appellant's reasons were concerns about being triggered while in emergency and non-emergency situations. (ROA.89). The Return to Work evaluation indicated Appellant had concerns about triggering events and had no clear return to work date or a date where she would be able to perform all of the essential functions of her job. (ROA.89, 109). Furthermore, Appellant alleges that she suffers from "ongoing pain"

from a shoulder, back and hip injury that are worsened by "certain things" due to an incident where Appellant fell through a window. This pain has led Appellant to be absent on multiple occasions. (ROA.356-357).

Following the PDC, Appellant received a Notice of Personnel Action notifying her that her employment had been terminated due to excessive absence, in violation of La. R.S. 33:2500(A)(1). At this time, Appellant had a discrimination and retaliation lawsuit pending against the SFD.[2] (ROA.356-357). The Notice documents stated that during the PDC Appellant failed to provide adequate information to substantiate the work missed and it was found she could not perform the essential functions of a Fire Engineer. Appellant timely appealed the decision to terminate her employment to the Shreveport Fire and Police Civil Service Board. (ROA.105).

Appellant was represented by counsel before the Board.

Appellant's appeal received a full hearing before the Board on April 10, 2024. The Board unanimously found that the Fire Chief acted appropriately in disciplining Appellant. (ROA.422-424). The Board also reduced the discipline from termination to a forty-five-day suspension. Appellee appealed the Board's ruling to the First Judicial District Court and, following a hearing, the discipline was upheld. (ROA.110, 116).

[2] That lawsuit was dismissed by this Court on January 13, 2026.

## SUMMARY OF THE ARGUMENT

The district court correctly granted summary judgment, and its decision should be affirmed. This Court should find that Appellant failed to carry her burden of establishing a prima facie case of discrimination under the Americans with Disabilities Act, that Appellant is not a qualified employee under the ADA, and Defendant's actions were legitimate and non-pretextual. Plaintiff also failed to carry her burden of establishing a retaliation claim under Title VII or a Procedural Due Process Claim under the Fourteenth Amendment. Appellant's claim that her constitutional right to a jury trial was denied is specious.

## ARGUMENT

**1. Standard of Review.**

Review of the district court's summary-judgment ruling is de novo. *E.g.*, *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 506 (5th Cir. 2024). In conducting a *de novo* review of a district court's grant of summary judgment, the appellate court applies the same standard used by the district court. *E.g.*, *Long v. Eastfield College*, 88 F.3d 300 (5th Cir. 1996). As applied by the district court, a motion for summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a material of law. Fed. R. Civ. P. 56(a).

**2. Appellant cannot establish a *Prima Facie* case of discrimination under the ADA.**

The evidence before the Court shows that SFD terminated Appellant due to her excessive absences, a nondiscriminatory reason. The Americans with Disabilities Act (ADA) prohibits employers' discrimination against a "qualified individual on the basis of disability." 42 U.S.C. §12112(a). The district court correctly found that Appellant was not a qualified employee. "An employee may use direct or circumstantial evidence, or both to establish a case of discrimination." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 525 (5th Cir. 2022). To survive summary judgment, a plaintiff presenting only circumstantial evidence of discrimination must establish a *prima facie* case. *See Hypes on Behalf of Hypes*, 134

F.3d at 728-29. When the plaintiff is only able to produce circumstantial evidence, courts apply the burden shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), under which the plaintiff must first demonstrate a *prima facie* case of discrimination. *Id.* at 525-26. *Brown v. Walmart Stores East, L.P.*, 969 F.3d 571, 577 (5th Cir. 2020).

To satisfy her burden of demonstrating a *prima facie* case of discrimination the Appellant must show (1) that she was disabled, (2) was qualified for the job, and (3) was subject to an adverse employment action because of her disability. *Dupre v. Charter Behavioral Health Systems of Lafayette Inc.*, 242 F.3d at 613. If the plaintiff can establish a *prima facie* case, "the employer has the burden of articulating a legitimate, nondiscriminatory reason for the [termination]." *Gosby*, 30 F.4th at 526. Upon establishing a legitimate reason for the termination, the burden shifts back to the plaintiff to "produce evidence from which a jury could conclude that the employer's articulated reason is pretextual. *Id.*

**a. Appellant is not a qualified employee.**

Appellant is not a qualified employee under the ADA and thus cannot state a claim under the ADA. To be considered qualified and able to state a claim under the ADA, the plaintiff must be able to perform the essential functions of the job with or without reasonable accommodation. *Hypes ex rel. Hypes v. First Commerce Corps.*, 134 F.3d 721, 726 (5th Cir. 1998). Essential job functions are defined as "the

fundamental job duties of the employment position of the individual with a disability holds or desires." *Weber v. BNSF Railway Company*, 989 F. 3d 320, 324 (5th Cir. 2021).

To avoid summary judgment on the issue of the qualified individual, Appellant must show (1) that she "could perform the essential functions of [her] job in spite of [her] disability or (2) that a reasonable accommodation of [her] disability would have enabled… [her] to perform the essential functions of the job. *Turco v. Hoechst Celanese Corp*., 101 F.3d 1090, 1093 (5th Cir. 1996). Excessive absences even when related to a disability are not protected activity under the ADA because they render the plaintiff unqualified for employment. *See Valdez*, 2023 U.S. Dist. LEXIS 21908, at *11. *See* also, *Hypes*, *supra* at 727.

Regular attendance is an essential function of most jobs. The efficient functioning of a team necessitate[s] the presence of all members. In *Weber*, a train dispatcher was terminated for violating the company's attendance guidelines. *Weber*, 989 F.3d at 321. The dispatcher then filed a suit, alleging the company failed to provide reasonable accommodation for his disability. The dispatcher, diagnosed with epilepsy, took medical leave from late April to late July during which he requested to be reassigned to a new position which was denied for lack of an available position. *Id*. at 322. During 2015, the dispatcher violated the company attendance policy several times for which he was given notice of an assessment

period. *Id*. By the beginning of January, the dispatcher had five unexcused absences related to his disability, with the stated reasons being sleep deprivation, neurologist appointments, and colonoscopy procedures. *Id*. The Fifth Circuit found that Weber could not perform the essential function of regular attendance even with an accommodation.

Like the company in *Weber*, the SFD has a policy that mandates Fire Engineers, such as Appellant, must be able to perform the 14 essential job tasks, including having regular and predictable attendance. (ROA.90). During the five-year period investigated, Appellant had been absent for 64.6% of the available workdays. (ROA.88). Appellant worked full hours no longer than four months consecutively in the five-year period. (See Chart). (ROA.88). In *Weber*, the dispatcher argued that he proposed reasonable accommodations, (the leave to attend mandatory follow-up appointments and excused absences for when he became sleep deprived.) *Id.* at 326. The court, however, found the dispatcher was not qualified as he could not show that the accommodation of medical leave when sleep deprived was not reasonable to enable him to perform the essential function of the job as neither party could determine when the dispatcher would become sleep deprived. *Id.*

The record does not show that Appellant proposed reasonable accommodation for her inability to remain at work; however, like the accommodation put forward in

*Weber*, any proposed accommodation under Appellant's circumstances would fail to reasonably enable her to perform the essential function of regular and predictable attendance. Scroggins, if able to perform her regular duties, has been encouraged by her physician to continue working with her counselor to cope with the stressors and triggers that she will face on the job. (ROA.109). There was no time frame as to when, if at all, Appellant would be able to return to work in a full time capacity and without having to be out on sick leave. There is no way to determine when Appellant will be "triggered" and have to leave work, creating a logistical and safety issue for the department. Additionally, due to an incident where Appellant fell through a window, Appellant suffers from "ongoing pain…and certain things will cause it to be worse on some days than others." (ROA.356-357). The "ongoing" shoulder, hip, and lower back pain has caused the Appellant's absences on multiple occasions. *See*, *Id*. Like the dispatcher in *Weber,* any proposed accommodation to allow Appellant excused absences on days that trigger episodes of pain would not be reasonable, as neither Appellant nor SFD can determine in advance how often these events will occur and the need for medical leave. The burden of proving that a reasonable accommodation existed is on the Appellant. *See*, *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007). Thus, because Scroggins failed to show that she could perform the essential functions of a Fire Engineer with or without reasonable accommodation, she is not qualified under the ADA. Therefore,

the district court correctly held that Appellant could not establish a prima facie case of discrimination under the ADA.

**b. The SFD actions were legitimate and non-pretextual.**

Even if Appellant could establish a *prima facie* case of discrimination, she cannot demonstrate that the SFD's legitimate reason for her termination was pretextual. "The efficient functioning of a team necessitate[s] the presence of all members. *Hypes ex rel. Hypes*, 134 F.3d at 726. "Pretext is established through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Valdez*, 2023 U.S. Dist. LEXIS 21908, at *8.

When attendance becomes unreliable, an employee's excessive absence related to disability is a legitimate, non-discriminatory, and non-pretextual reason for termination. *Valdez*, 2023 U.S. Dist. LEXIS 21908, at *11; *Hypes ex rel. Hypes*, 134 F.3d 721, 726-27 (5th Cir. 1998). In *Valdez*, the court found that the Defendant was sufficiently flexible and accommodating to the employee's disability by tweaking the employee's hours. *Valdez*, 2023 U.S. Dist. LEXIS 21908, at *11-12. However, the employee's attendance was unreliable due to her disability, which led to her termination. *Id*.

The SFD's decision to terminate Appellant was based on the department's need for regular and predictable attendance of its Fire Engineers. (ROA.272-273).

The SFD needs regular and predictable attendance to carry out the department's fiduciary duties sufficiently. (ROA.272-273). Here, Appellant has established a pattern of absenteeism, with returns to full duties lasting no longer than four months over five years, with absences totaling 1,153 days out of 1,779 available days. (ROA.88, 319). When an employee is absent or on light duty, the department must pay overtime to "fill the void created by her absences[,]" which affects the department's budget and ability to provide fire abatement services. (ROA.278).

In addition to the complete absences accounted for in Appellant's total absences are days assigned to light duty. After being issued the notice of pre-disciplinary conference, from August 29, 2022, to January, 2023, Appellant returned to work on light duty, requiring shortened hours (4-hour days) like the employee in *Valdez*. (ROA.109, 274-275). Appellant's use of light duty violated the SFD's "Limited Duty" policy. The SFD's "Limited Duty" policy mandates limited duty shall not exceed ninety days unless approved by the Fire Chief every thirty days thereafter. (ROA.89). Appellant's time on light duty, from August 29, 2022, to January, 2023, far exceeded SFD's 90-day limitation policy. There is no evidence an extension was sought or granted. When absent or on light duty the department must pay overtime to other employees in order to "fill the void created by her absences[,]" which affects the department's budget and raises safety concerns for citizens. (ROA.278).

Chris Henry and Devon Kennedy are Fire Engineers at SFD, who also met the number of absences to be investigated. (ROA.388, 390-391). Devon Kennedy was placed under investigation for taking more than 300 days of sick leave. (ROA.391-393). However, Appellant has not and cannot present evidence of an employee with a higher number of absences who was not terminated. Had any of the other Fire Engineers had the worst attendance record and number of days violating the SFD's limited duty policy comparable to Ms. Scroggins, they, too, would have been investigated and terminated. Additionally, there is no evidence that those employees were similarly situated to Appellant given the disparity in numbers of missed days. Mr. Henry testified that during 2018 - 2022 he had three periods of extended sick leave and always returned to full duty, one period from an on-the-job injury. (ROA.380, 383-384, 387). Devin Kennedy testified that he was on sick leave three hundred (300) days during the applicable period. (ROA.392). Mr. Kennedy was also investigated. (ROA.391, 393).

Appellant cannot offer any evidence that raises a genuine issue of material fact that SFD's reasons for termination were false or a pretext for discriminating against her. To survive summary judgment, the plaintiff must "present substantial evidence that the employer's legitimate, nondiscriminatory reason for termination is pretextual." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016). A "subjective belief of discrimination cannot be the basis of judicial relief."

*Id*. (quoting *EEOC v. LA office of Cmty. Servs*., 47 F.3d 1438, 1448 (5th Cir. 1995)). The Appellant has not presented non-subjective evidence of pretext and cannot do so. Therefore, the district court correctly held that Appellant could not show that Appellee's actions were pretextual.

**3. Retaliation Claim.**

Appellant cannot establish that there was a causal connection between the actions of SFD and any protected activity. When retaliation is alleged based on circumstantial evidence, the *McDonnell Douglas* framework applies. *Brown, supra*, at 577. Under this framework, Appellant must first "establish: (1) she participated in an activity protected by Title VII, (2) her employer took adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Brown*, 969 F.3d at 577. At the *prima facie* stage, it is enough for the plaintiff to establish "temporal proximity between protected activity and adverse employment action." *Gosby, supra*, at 527. The district court correctly found Appellant cannot establish temporal proximity between a lawsuit filed in 2018 and the investigation at issue in this case and thus she has failed to satisfy that a causal connection exists between her earlier lawsuit and her termination.

However, temporal proximity "alone cannot defeat summary judgment and does not relieve the plaintiff of rebutting an employer's lawful reason for termination. *Sansone v. Jazz Casino Company, LLC*, 2:12-CV-14093, 2021 WL 3919249, at *2 (5th Cir. 2021). Appellant alleged retaliation, which she identifies as follows: "Defendant targeted the Plaintiff for termination and disregarded its own sick leave provisions to retaliate against the Plaintiff because of her prior protected Title VII activity." (ROA.15). The SFD's actions, however, were taken in response to incidents of excessive sick leave abuse and had nothing to do with the Appellant's then pending action. Appellant, while the only one to face termination as the employee with the worst record, was not the only one to undergo investigation. (ROA.417-418). Furthermore, these investigations would have taken place regardless of the Appellant's protected activity under Title VII. Thus, Appellant cannot establish a causal connection between her termination and her protected activity.

Even if Appellant could establish a *prima facia* case, the *McDonnel Douglas* burden shifting framework applies to Title VII retaliation claims. *Shahrashoob v. Texas A&M University*, 2025 WL 47503 (5th Cir. 2025).

As shown above, SFD has set forth a legitimate non-pretextual reason for her termination. Appellant must show that her termination would not have occurred but for a retaliatory motive. *Le Maire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383 (5th

Cir. 2007). "Plaintiff must show a conflict in substantial evidence as to but for causation to avoid summary judgment." *Shahrashoob, supra,* at 7, citations omitted.

In this case, Appellant cannot establish that SFD's reason for terminating her was pretextual and summary judgment is appropriate. Appellant cites to law that recognizes that disputes concerning pretext and retaliatory intent are generally reserved for the jury. *See* Appellee's Brief, page 12. However, Appellant has not provided sufficient evidence to create a dispute. Therefore, the district court correctly held that Appellant could not show a causal connection between the actions of SFD and any protected activity.

**4. Procedural Due Process Claims (Nullity).**

Appellant was afforded her procedural due process protections required by La. Const. I, Art. 2. La. Const. I, Art. 2 states, "[n]o person shall be deprived of life, liberty, or property, except by due process of law." La. Const. I, Art. 2. In a procedural due process claim a court must determine (1) whether the plaintiff has a property interest that requires procedural protections and (2) how much process is due. *Maurer v. Town of Indep.*, No. 13-5450, 2015 U.S. Dist. LEXIS 25064, at *5 (E.D. La. Mar. 2, 2015).

La. R.S. 33:1995 provides that "[e]very fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own

negligence or culpable indiscretion for a period of not less than fifty-two weeks." La. R.S. 33:1995. To succeed in a procedural due process claim, the plaintiff must show a property interest. *Vanderwall v. Peck*, 129 Fed.Appx 89,93 (5th Cir. 2005); *Moreau v. St. Landry Par. Fire Dist. No. 3*, 413 F. Supp. 3d 550, 563 (W.D. La. 2019), aff'd, 808 Fed. Appx. 225 (5th Cir. 2020). Property interest is "created and defined by rights under state law that support a claim of entitlement to those benefits." *Id.* Appellant has a property interest in her continued employment and sick leave. *See Id.*; *Bates v. City of Denham Springs*, 2022-0853 (La. App. 1 Cir. 04/18/23), 367 So. 3d 102.

La. R.S. 33:2537(5) mandates that the board shall "conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension, or dismissal of the officer or employee." La. R.S. § 33:2537(5). An employee

> who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

La. R.S. § 33:2501. An employee has the right to appeal "any decision of the board…that is prejudicial to the employee." La. R.S. § 33:2501(E)(1). The jurisdiction of the appeal is in "the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled." *Id*.

Appellant was afforded the procedural safeguards required by statute. Appellant was sent notice of an investigation on December 2, 2022, with the nature being La. R.S. 33:2500(A)(1) Unwillingness or failure to perform the duties of his position in a satisfactory manner. She then was provided with notice of her PDC, the nature of the investigation, and the date of the conference. (ROA.86). Regarding the PDC procedure, she was informed that she could bring evidence and witnesses and had the right to counsel and/or representation. (ROA.86). After the results of the PDC, Appellant had the right to appeal. Appellant did appeal the Fire Chief's decision to the Civil Service Board. The Board upheld the decision to discipline Appellant, finding that the Fire Chief acted in good faith and had cause to discipline Appellant, but the Board reduced the discipline from termination to a forty-five-day suspension. Appellee appealed that decision which was upheld by the state district court. Appellant did not seek further review. In *Moreau*, this Court found these procedural safeguards to be sufficient and affirmed summary judgment for the Defendants. *See Moreau*, 808 Fed.Appx at 230. Thus, Appellant was given all the procedural due process to which she was entitled, and summary judgment is appropriate.

Moreover, as shown by the transcript of Appellant's Civil Service Board hearing, she was reinstated by the Board with backpay. This Cause of Action is

moot. Appellee appealed the discipline awarded by the Board and the Board's ruling was upheld. That ruling is *res judicata* to any potential remaining claim.

**5. Appellant's Seventh Amendment right to a jury was not violated, as there were no issues of fact remaining for a jury to decide.**

The Seventh Amendment of the United States Constitution provides that "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amend. VII. Within the Fifth Circuit, this right is analyzed through a two-pronged test examining the historical nature of the claim and whether the remedy sought is legal or equitable in nature, the more important prong. *United States v. ERR, LLC*, 35 F.4th 405, 411 (5th Cir. 2022). An action in tort is one that historically is triable by a jury. *See id*. at 411. Claims seeking monetary damages typically qualify as legal claims entitled to a jury trial. *See SEC v. Jarkesy*, 603 U.S. 109, 123 (2024). In cases involving both legal and equitable claims, juries may decide the legal claims while courts decide the equitable claims. *See id.*

The Seventh Amendment would be applicable to Appellant's action for discrimination and retaliation, as it sounds in tort law, and her prayer for monetary damages is a legal remedy that may be heard by a jury.

However, Appellant was not deprived of a jury trial because there were no factual disputes to be submitted to a jury. As discussed herein, the district court correctly decided that there were no genuine disputes of material fact of which required this case to proceed any further. Now, Appellant cannot show that the district court erred in this determination. Therefore, Appellant's Seventh Amendment right to a jury was not violated.

## CONCLUSION

For the foregoing reasons, the Court should affirm the district court's judgment in full and assess all costs of this appeal to Appellant.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY & CROMWELL, L.L.P.

BY: /s/ Joseph S. Woodley --- TA
La. Bar No. 19228
Rachel B. Hensley
La. Bar No. 41678
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile: (318) 226-0390
Email: jwoodley@padwbc.com
Email: rbritt@padwbc.com

ATTORNEYS FOR DEFENDANT – APPELLEE,
CITY OF SHREVEPORT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing original Brief on behalf of Defendant-Appellee was this date filed electronically with the Clerk of Court using the CM/ECF system.

I further certify that the foregoing document meets the required privacy redactions; it is an exact copy of the paper document; and the document has been scanned and is virus free.

I hereby further certify that a paper copy of this Brief was forwarded to the Defendant - Appellant, Felicia Scroggins, on the date shown below by United States Mail, with proper postage affixed thereon to her last known address.

Shreveport, Louisiana, on this 25th day of March, 2026.

/s/Joseph S. Woodley
Joseph S. Woodley, Bar #19228

## **CERTIFICATE OF COMPLIANCE**

Pursuant to 5th Cir. R. 32.2 and 32.3, the undersigned certifies this Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7):

1. Exclusive of the exempted portions in 5th Cir. R. 32.2, the Brief contains 5765 words.
2. This Brief has been prepared in proportionally spaced typeface using Microsoft Word Version 2016 in Times New Roman, 14-point font and 12-point font Times New Roman for footnotes.
3. The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. P. 32(a)(7), may result in the Court's striking the Brief and imposing sanctions against the person signing the Brief.

/s/Joseph S. Woodley
Joseph S. Woodley, Bar #19228