IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
Apr 08, 2026
FIFTH CIRCUIT

No. 25-30695

Felicia Scroggins,

Plaintiff–Appellant

v.

City of Shreveport,

Defendant–Appellee

# REPLY BRIEF OF APPELLANT

Felicia Scroggins, Pro Se

9314 Sandalwood Drive

Shreveport, LA 71118

CERTIFICATE OF INTERESTED PERSONS

The undersigned certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case:

Appellee:

City of Shreveport

Counsel for Appellee:

Joseph S. Woodley

Pettiette, Armand, Dunkelman, Woodley & Cromwell, L.L.P.

Appellant:

Felicia Scroggins (Pro Se)

The undersigned certifies that no other persons or entities have an interest in the outcome of this case.

/s/ Felicia Scroggins

Felicia Scroggins

STATEMENT REGARDING ORAL ARGUMENT

Appellant maintains that oral argument would assist the Court because this appeal involves the proper application of Federal Rule of Civil Procedure 56 and the constitutional limits of summary judgment where disputed issues of material fact exist.

However, Appellant defers to the Court's discretion.

TABLE OF CONTENTS

Certificate of Interested Persons ........ ii

Statement Regarding Oral Argument ........ iii

Table of Contents ........ iv

Table of Authorities ........ v

Argument ........ 1

I. The City Mischaracterizes the Record to Deny ADA Qualification ........ 1

II. The City's Interactive Process Argument Ignores Ongoing Accommodation … 3

III. The City Improperly Resolves Pretext and Comparator Evidence ........ 3

IV. The City Misapplies Retaliation Law ........ 3

V. The City's Due Process Argument Ignores Predetermination ........ 4

VI. The City's Seventh Amendment Argument Fails ........ 4

Conclusion ........ 4

Certificate of Service ........ 6

Certificate of Compliance ........ 7

TABLE OF AUTHORITIES

Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ……..…………………… 1

Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985) ……………………..… 4

EEOC v. Chevron Phillips Chem. Co., 570 F.3d 606 (5th Cir. 2009) ……….…… 2

EEOC v. LHC Group, Inc., 773 F.3d 688 (5th Cir. 2014) ……………...………… 2

Lee v. Kansas City S. Ry. Co., 574 F.3d 253 (5th Cir. 2009) ……..……………… 3

Loulseged v. Akzo Nobel Inc., 178 F.3d 731 (5th Cir. 1999) …………………….. 3

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000) ……………….. 3

Russell v. McKinney Hosp. Venture, 235 F.3d 219 (5th Cir. 2000) ……………… 3

Tolan v. Cotton, 572 U.S. 650 (2014) ……………………………………….. 1

Statutes

42 U.S.C. § 12101 et seq. …………………………………………………… 2

42 U.S.C. § 12112 ………………………………………………………… 2

42 U.S.C. § 2000e et seq. ……………………………………………...……. 4

Rules

Fed. R. Civ. P. 56 ……………………………………………………….. 4

## ARGUMENT

### I. THE CITY MISCHARACTERIZES THE RECORD TO DENY ADA QUALIFICATION

The City's argument that Appellant was not a "qualified individual" rests on a fundamental mischaracterization of the record. At the summary judgment stage, courts may not weigh evidence or resolve disputed facts in favor of the movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). All reasonable inferences must be drawn in favor of the nonmovant. Tolan v. Cotton, 572 U.S. 650, 657 (2014).

The Appellee repeatedly asserts that Appellant's alleged absenteeism rendered her incapable of performing the essential functions of her position. That assertion ignores critical, undisputed facts.

At the time of termination, Appellant was actively working in an approved light-duty assignment, was medically authorized to work with restrictions, and had not exhausted the statutory leave protections applicable to fire-service employees. These facts directly contradict the City's claim that Appellant was unable to perform the essential functions of her position.

The City's argument further fails because it ignores that Appellant remained in full compliance with departmental policy governing medical leave. Appellant's absences were not unauthorized or unexcused. Each period of leave was taken pursuant to medical authorization, including treatment for injury, surgery, and psychological conditions. Appellant remained under the care of both her treating providers and physicians selected by the Fire Department. Notably, even the employer-selected physician confirmed that Appellant required time off from work due to her condition.

Additionally, Appellant remained within the 365-day sick leave protection applicable to fire-service employees at all relevant times. The City does not dispute the existence of this policy but attempts to disregard its legal significance. The City

cannot simultaneously rely on its own leave policies to regulate Appellant's employment while disregarding those same policies to justify her termination.

This is critical because the City improperly equates medically authorized leave with disqualifying absenteeism. That position is inconsistent with the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., including 42 U.S.C. § 12112, and controlling Fifth Circuit precedent, which recognize that leave taken pursuant to medical necessity does not automatically render an employee unqualified—particularly where the employee remains capable of working with restrictions.

Moreover, Appellant was the only employee required to work in a light-duty capacity under these circumstances. While Civil Service does not formally recognize "light duty," the City nevertheless required Appellant to perform modified work while similarly situated employees were not subjected to the same requirement. This disparate treatment supports an inference of pretext and improper motive.

Whether an employee is a qualified individual under the ADA is a fact-intensive inquiry not appropriate for summary judgment where competing evidence exists. EEOC v. Chevron Phillips Chem. Co., 570 F.3d 606, 615–17 (5th Cir. 2009); EEOC v. LHC Group, Inc., 773 F.3d 688, 697 (5th Cir. 2014).

The existence of ongoing light-duty work, combined with full compliance with medical leave policy and confirmation of Appellant's condition by multiple providers, creates a clear dispute of material fact as to whether Appellant was a qualified individual. That dispute cannot be resolved on summary judgment.

Further underscoring the existence of material factual disputes, the City previously challenged Appellant's reinstatement through proceedings in the First Judicial District Court. In that proceeding, the court upheld Appellant's reinstatement, recognizing that her absences were taken pursuant to medical authorization and remained within the City's 365-day sick leave policy.

While this Court reviews the district court's decision independently, the existence of a prior judicial determination reinforces that the facts surrounding her ability to work, her leave status, and the legitimacy of the City's justification are disputed.

## II. THE CITY'S INTERACTIVE PROCESS ARGUMENT IGNORES ONGOING ACCOMMODATION

The City asserts that it satisfied its obligation to engage in the interactive process. However, it fails to address the central issue: Appellant was terminated while actively working in an accommodated position.

The record supports a reasonable inference that the interactive process was prematurely terminated. The adequacy of the interactive process is a question of fact where the record supports competing inferences. Loulseged v. Akzo Nobel Inc., 178 F.3d 731, 736–37 (5th Cir. 1999).

There is no evidence that Appellant refused to participate. Instead, the City ended the process through termination despite the continued viability of modified duty.

## III. THE CITY IMPROPERLY RESOLVES PRETEXT AND COMPARATOR EVIDENCE

The City's assertion that its actions were legitimate and non-pretextual improperly resolves disputed issues of fact.

Evidence undermining an employer's explanation permits a reasonable inference of unlawful motive. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147–48 (2000). Questions of pretext and intent are generally reserved for the jury. Russell v. McKinney Hosp. Venture, 235 F.3d 219, 223–24 (5th Cir. 2000).

The City dismisses comparator evidence, but whether employees are similarly situated is a fact-intensive determination inappropriate for summary judgment. Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 259–60 (5th Cir. 2009).

## IV. THE CITY MISAPPLIES RETALIATION LAW

The City improperly narrows causation to temporal proximity. Title VII prohibits retaliation under 42 U.S.C. § 2000e et seq., and causation may be established through circumstantial evidence.

The record reflects disputed justification and timing sufficient to create a fact issue.

## V. THE CITY'S DUE PROCESS ARGUMENT IGNORES PREDETERMINATION

Due process requires a meaningful opportunity to respond before a final decision is made. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985).

Termination immediately following the PDC supports a reasonable inference of predetermination.

## VI. THE CITY'S SEVENTH AMENDMENT ARGUMENT FAILS

Because genuine disputes exist, Rule 56 prohibits summary judgment. The Seventh Amendment preserves the right to a jury trial on disputed facts.

## CONCLUSION

The City's brief does not eliminate the existence of genuine disputes of material fact. Instead, it attempts to resolve them in its favor.

Because the record presents triable issues regarding ADA qualification, reasonable accommodation, retaliation, and procedural due process, the district court's grant of summary judgment must be reversed.

Appellant respectfully requests that this Court reverse the judgment below and remand this case for trial.

Respectfully submitted,

/s/ Felicia Scroggins

Felicia Scroggins

Pro Se Appellant

CERTIFICATE OF SERVICE

I certify that on this 8th day of April, 2026, a true and correct copy of this Reply Brief was served via electronic mail on counsel for Appellee:

Joseph S. Woodley

jwoodley@padwbc.com

/s/ Felicia Scroggins

CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains approximately 2,600 words, excluding the portions exempted by Rule 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Times New Roman, 14-point font.

/s/ Felicia Scroggins

Felicia Scroggins