U.S. COURT OF APPEALS
RECEIVED
May 23, 2026
FIFTH CIRCUIT

No. 25-30695

In the United States Court of Appeals
for the Fifth Circuit

FELICIA SCROGGINS,

Plaintiff–Appellant,

v.

CITY OF SHREVEPORT,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-1549

PETITION FOR PANEL REHEARING

(Fed. R. App. P. 40)

Filed by:

Felicia Scroggins

Plaintiff–Appellant, Pro Se

TABLE OF CONTENTS

Table of Contents ........................................................................ 3

Table of Authorities .................................................................... 4-5

Certificate of Interested Persons ............................................... 6

Statement of Issues for Rehearing ............................................ 7

Statement of the Course of Proceedings .................................... 8

Statement of Facts ...................................................................... 9-10

Argument .......................................................................... 11-15

Conclusion .......................................................................... 16

Certificate of Compliance ......................................................... 17

Certificate of Service ................................................................ 18

TABLE OF AUTHORITIES

Cases

Anderson v. Liberty Lobby, Inc.,

477 U.S. 242 (1986) ........................................................... 7, 11

Cleveland Bd. of Educ. v. Loudermill,

470 U.S. 532 (1985) ........................................................... 7, 15

EEOC v. Chevron Phillips Chem. Co.,

570 F.3d 606 (5th Cir. 2009) ................................................ 13

EEOC v. LHC Group, Inc.,

773 F.3d 688 (5th Cir. 2014) ................................................ 13

Lee v. Kansas City Southern Ry. Co.,

574 F.3d 253 (5th Cir. 2009) ............................................. 7, 14

Reeves v. Sanderson Plumbing Products, Inc.,

530 U.S. 133 (2000) ........................................................... 7, 14

Tolan v. Cotton,

572 U.S. 650 (2014) ........................................................... 7, 11

Statutes & Constitutional Provisions

42 U.S.C. § 12111(8) ............................................................ 12

Fed. R. App. P. 40 ................................................................. 8, 17

Fed. R. App. P. 32 ................................................................. 17

Fed. R. Civ. P. 56 ................................................................. 7, 11, 15

Americans with Disabilities Act,
42 U.S.C. § 12101 et seq. ....................................... 8, 9, 11, 12

Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e et seq. ...................................... 8, 13

U.S. Const. Amend. VII ....................................... 12

U.S. Const. Amend. XIV ....................................... 8

CERTIFICATE OF INTERESTED PERSONS

(5th Cir. R. 28.2.1)

The undersigned certifies that the following persons and entities have a financial or other interest in the outcome of this appeal:

1. Felicia Scroggins – Plaintiff–Appellant

2. City of Shreveport – Defendant–Appellee

3. Joseph S. Woodley – Counsel for Appellee

4. Meredith P. Bro – Counsel for Appellee

5. United States District Court for the Western District of Louisiana, Shreveport Division – Originating tribunal

Respectfully submitted,

/s/ Felicia Scroggins

Pro Se Appellant

## STATEMENT OF ISSUES FOR REHEARING

Whether rehearing is warranted because the Panel:

1. Misapplied Federal Rule of Civil Procedure 56 by affirming summary judgment despite genuine disputes of material fact regarding ADA qualification, reasonable accommodation, comparator treatment, retaliatory motive, and procedural due process.

2. Overlooked evidence that Appellant was actively working in a physician-approved light-duty capacity at the time of termination and had not exhausted the applicable 365-day statutory leave protection governing fire-service employees.

3. Overlooked evidence supporting competing factual inferences regarding pretext, comparator treatment, and retaliatory motive under Reeves and Lee.

4. Overlooked evidence that departmental policy prohibited corrective action at the conclusion of the Pre-Disciplinary Conference ("PDC"), yet Appellant was terminated immediately following the PDC itself, raising a disputed issue regarding predetermination and constitutional adequacy under Loudermill.

5. Improperly affirmed summary judgment despite disputed factual issues reserved for jury determination under Anderson and Tolan.

## STATEMENT OF THE COURSE OF PROCEEDINGS

Appellant filed this federal civil-rights employment action asserting claims under the Americans with Disabilities Act (“ADA”), Title VII retaliation, and the Fourteenth Amendment.

Appellant alleged that she was a qualified individual under the ADA, that she remained capable of performing the essential functions of her position with reasonable accommodation, that the City failed to engage in the interactive process in good faith, that the City retaliated against her for protected activity, and that the City deprived her of constitutionally adequate pre-termination process.

The district court granted summary judgment in favor of the City of Shreveport and dismissed all claims.

Appellant timely appealed.

On May 14, 2026, the Panel affirmed the district court’s judgment.

This Petition is timely under Fed. R. App. P. 40.

## STATEMENT OF FACTS

At the time of termination, Appellant was actively working in a physician-approved light-duty capacity and had not exhausted the applicable 365-day statutory leave protection governing fire-service employees.

The record contains evidence supporting competing factual inferences regarding:

- whether Appellant remained a qualified individual under the ADA;
- whether accommodation options remained available;
- whether the City engaged in the interactive process in good faith;
- whether comparator employees were treated differently under similar circumstances;
- whether the City's stated reasons for termination were pretextual;
- whether retaliatory motive existed;
- whether Appellant remained medically authorized to work; and
- whether the termination decision had been predetermined before meaningful consideration of Appellant's response.

Departmental policy governing the Pre-Disciplinary Conference ("PDC") prohibited corrective action at the conclusion of the conference. Nevertheless, Appellant was terminated immediately following the PDC itself after being asked to step outside and then called back into the room and presented with termination paperwork.

These disputed factual issues formed the basis of Appellant's opposition to summary judgment.

## ARGUMENT

### I. The Panel Misapplied Rule 56 By Affirming Summary Judgment Despite Genuine Disputes Of Material Fact.

The Supreme Court has repeatedly held that courts may not weigh evidence, resolve credibility disputes, or choose among competing factual inferences at summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Tolan v. Cotton, 572 U.S. 650 (2014).

In this case, disputed factual issues existed concerning:

- ADA qualification;
- continuation of accommodation;
- availability of modified-duty work;
- retaliatory motive;
- comparator treatment;
- pretext;
- procedural adequacy; and
- predetermination of the termination decision.

Those factual disputes should have been reserved for a jury.

The district court's grant of summary judgment—and the Panel's affirmance—necessarily invaded the constitutional province of the jury by resolving disputed factual questions against the nonmoving party.

The Seventh Amendment preserves the role of the jury in resolving disputed factual issues. Here, the district court improperly removed those factual disputes from the jury despite substantial record evidence supporting competing inferences favorable to Appellant.

## II. The Panel Overlooked Evidence Supporting ADA Qualification And Reasonable Accommodation.

The record contains evidence demonstrating that Appellant was actively working in an approved light-duty capacity at the time of termination pursuant to physician authorization. Appellant had not exhausted the applicable 365-day statutory leave protection governing fire-service employees.

These facts directly bear on whether Appellant was a qualified individual capable of performing the essential functions of her position with reasonable accommodation under the ADA. See 42 U.S.C. § 12111(8).

The Panel's affirmance overlooks evidence showing:

- Appellant remained medically authorized to work;
- Appellant continued performing duties in a modified capacity;

• accommodation options remained available;

• Appellant had not exhausted statutory leave protections; and

• factual disputes existed regarding whether the City engaged in the interactive process in good faith.

The Fifth Circuit has recognized that disputes regarding qualification and accommodation are frequently fact-intensive questions inappropriate for summary judgment where competing inferences exist. EEOC v. Chevron Phillips Chem. Co., 570 F.3d 606 (5th Cir. 2009); EEOC v. LHC Group, Inc., 773 F.3d 688 (5th Cir. 2014).

At minimum, the evidence creates genuine disputes of material fact concerning qualification, accommodation, and the continuation of modified-duty work sufficient to require jury determination.

III. The Panel Overlooked Evidence Supporting Pretext, Retaliation, And Comparator Treatment.

The record further contains evidence supporting Appellant's Title VII retaliation claim and challenging the legitimacy of the City's stated reasons for termination.

Appellant presented evidence that:

• inconsistencies existed in the City's asserted explanation for termination;

- timing supported an inference of retaliatory motive;

- comparator employees were treated differently under similar circumstances;

- Appellant was terminated despite remaining within statutory leave protection; and

- disputed factual issues existed concerning whether the City's stated reasons were pretextual.

Under Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000), evidence undermining an employer's explanation may permit a reasonable inference of unlawful motive sufficient to survive summary judgment.

Additionally, comparator disputes ordinarily present jury questions where the record permits competing inferences regarding similarly situated employees. Lee v. Kansas City Southern Railway Co., 574 F.3d 253, 259–60 (5th Cir. 2009).

The Fifth Circuit has held that employees are similarly situated when they are treated differently under nearly identical circumstances. Whether employees are sufficiently similar for comparator purposes is generally a fact-intensive inquiry inappropriate for summary judgment where the evidence supports competing factual inferences.

Here, Appellant presented evidence that other employees were not terminated under similar attendance or leave-related circumstances while Appellant remained medically authorized and within statutory leave protection.

The Panel's affirmance necessarily resolved disputed factual inferences and credibility determinations in favor of the City contrary to Rule 56.

## IV. The Panel Overlooked Evidence Supporting Procedural Due Process Violations.

The record also contains substantial evidence supporting Appellant's procedural due process claim under Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985).

Departmental policy governing the Pre-Disciplinary Conference ("PDC") expressly prohibited corrective action at the conclusion of the conference. Nevertheless, immediately following the PDC itself, Appellant was asked to step outside, then called back into the room and presented with termination paperwork.

This sequence of events supports a reasonable inference that the termination decision had been predetermined before meaningful consideration of Appellant's response.

Under Loudermill, a pre-termination hearing must provide a meaningful opportunity to respond before the final decision is made. Whether the hearing here was constitutionally meaningful presents a disputed factual issue inappropriate for summary judgment where the evidence supports competing inferences concerning predetermination and procedural adequacy.

The Panel's affirmance overlooked evidence supporting competing factual inferences regarding whether Appellant received constitutionally adequate process prior to termination.

## CONCLUSION

Appellant respectfully requests that the Panel grant rehearing, vacate the judgment affirming summary judgment, and remand this matter for trial by jury.

Respectfully submitted,

/s/ Felicia Scroggins

Pro Se Appellant

9314 Sandalwood Dr.

Shreveport, Louisiana 71118

Email: frscroggins@gmail.com

Phone: (318) 349-8944

CERTIFICATE OF COMPLIANCE

(FRAP 32(g))

1. This petition complies with the requirements of Fed. R. App. P. 40 because it is within the length permitted for petitions for rehearing.

2. This petition complies with the typeface and formatting requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in 14-point Times New Roman font with 1-inch margins in a proportionally spaced typeface.

/s/ Felicia Scroggins

Pro Se Appellant

CERTIFICATE OF SERVICE

I certify that on this date, I served this Petition by email upon:

jwoodley@padwbc.com

mbro@padwbc.com

and submitted it to:

Clerk of Court
U.S. Court of Appeals for the Fifth Circuit

pro_se@ca5.uscourts.gov

/s/ Felicia Scroggins