No. 25-30695

U.S. COURT OF APPEALS
RECEIVED
May 30, 2026
FIFTH CIRCUIT

In the United States Court of Appeals
for the Fifth Circuit

FELICIA SCROGGINS,

Plaintiff–Appellant,

v.

CITY OF SHREVEPORT,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-1549

PETITION FOR REHEARING EN BANC

(Fed. R. App. P. 35; 5th Cir. R. 35)

Filed by:

Felicia Scroggins

Plaintiff–Appellant, Pro Se

TABLE OF CONTENTS

Table of Contents .......................................................................... 3

Table of Authorities ..................................................................... 4-5

Certificate of Interested Persons ............................................... 6

Introduction ............................................................................... 7

Statement of Issues for En Banc Review .................................... 8

Statement of the Course of Proceedings .................................... 9

Statement of Facts ...................................................................... 10-11

Argument .................................................................................... 12-16

Conclusion .................................................................................. 17

Certificate of Compliance ........................................................ 18

Certificate of Service ................................................................ 19

## TABLE OF AUTHORITIES

Cases

Anderson v. Liberty Lobby, Inc.,

477 U.S. 242 (1986) ......................................................... 7, 12

Cleveland Bd. of Educ. v. Loudermill,

470 U.S. 532 (1985) ..................................................... 8, 14, 15

EEOC v. Chevron Phillips Chem. Co.,

570 F.3d 606 (5th Cir. 2009) .......................................... 13

EEOC v. LHC Group, Inc.,

773 F.3d 688 (5th Cir. 2014) .......................................... 13

Lee v. Kansas City Southern Ry. Co.,

574 F.3d 253 (5th Cir. 2009) ........................................ 8, 14

Reeves v. Sanderson Plumbing Products, Inc.,

530 U.S. 133 (2000) ..................................................... 8, 14

Tolan v. Cotton,

572 U.S. 650 (2014) ..................................................... 7, 12

Statutes & Constitutional Provisions

Fed. R. App. P. 35, 40 ....................................................... 9, 18

Fed. R. App. P. 32(a)(5)-(6) ................................................ 18

Fed. R. Civ. P. 56 ............................................................ 8, 16

Americans with Disabilities Act,
42 U.S.C. § 12101 et seq. ....................................... 7, 8, 9, 10, 12, 13

Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e et seq. ..................................... 9

U.S. Const. Amend. VII ........................................ 15

U.S. Const. Amend. XIV ...................................... 9

CERTIFICATE OF INTERESTED PERSONS

(5th Cir. R. 28.2.1)

The undersigned certifies that the following persons and entities have a financial or other interest in the outcome of this appeal:

1. Felicia Scroggins – Plaintiff–Appellant

2. City of Shreveport – Defendant–Appellee

3. Joseph S. Woodley – Counsel for Appellee

4. Meredith P. Bro – Counsel for Appellee

5. United States District Court for the Western District of Louisiana, Shreveport Division – Originating tribunal

Respectfully submitted,

/s/ Felicia Scroggins

Pro Se Appellant

INTRODUCTION

This case warrants en banc review because the Panel opinion conflicts with controlling Supreme Court and Fifth Circuit authority governing summary judgment, ADA qualification standards, comparator analysis, procedural due process, and the constitutional role of the jury.

The Panel affirmed summary judgment despite substantial record evidence demonstrating genuine disputes of material fact concerning Appellant's qualification under the Americans with Disabilities Act ("ADA"), the continuation of accommodation, comparator treatment, retaliatory motive, pretext, and procedural adequacy.

As a result, disputed factual issues reserved for jury determination were improperly resolved against the nonmoving party contrary to Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Tolan v. Cotton, 572 U.S. 650 (2014).

En banc review is necessary to restore uniformity with controlling Supreme Court and Fifth Circuit precedent and to prevent expansion of summary judgment beyond its constitutional limits in employment-discrimination litigation.

## STATEMENT OF ISSUES FOR EN BANC REVIEW

Whether this Court should grant rehearing en banc because:

1. The Panel misapplied Rule 56 by affirming summary judgment despite genuine disputes of material fact concerning ADA qualification, accommodation, comparator treatment, retaliatory motive, pretext, and procedural due process.

2. The Panel overlooked evidence that Appellant remained medically authorized to work, was actively working in a physician-approved light-duty capacity at the time of termination, and had not exhausted the applicable 365-day statutory leave protection governing fire-service employees.

3. The Panel improperly resolved competing factual inferences regarding pretext and comparator treatment contrary to Reeves and Lee.

4. The Panel overlooked evidence that departmental policy prohibited corrective action at the conclusion of the Pre-Disciplinary Conference ("PDC"), yet Appellant was terminated immediately following the PDC itself, raising disputed factual questions regarding predetermination and constitutional adequacy under Loudermill.

5. The Panel's affirmance conflicts with Supreme Court and Fifth Circuit precedent governing the constitutional role of the jury and the limited function of summary judgment.

## STATEMENT OF THE COURSE OF PROCEEDINGS

Appellant filed this federal civil-rights employment action asserting claims under the Americans with Disabilities Act ("ADA"), Title VII retaliation, and the Fourteenth Amendment.

Appellant alleged that she was a qualified individual under the ADA, that she remained capable of performing the essential functions of her position with reasonable accommodation, that the City failed to engage in the interactive process in good faith, that the City retaliated against her for protected activity, and that the City deprived her of constitutionally adequate pre-termination process.

The district court granted summary judgment in favor of the City of Shreveport and dismissed all claims.

Appellant timely appealed.

On May 14, 2026, the Panel affirmed the district court's judgment.

This Petition is timely under Fed. R. App. P. 35 and 40.

STATEMENT OF FACTS

At the time of termination, Appellant was actively working in a physician-approved light-duty capacity and had not exhausted the applicable 365-day statutory leave protection governing fire-service employees.

The record contains evidence supporting competing factual inferences regarding:

• whether Appellant remained a qualified individual under the ADA;

• whether accommodation options remained available;

• whether the City engaged in the interactive process in good faith;

• whether comparator employees were treated differently under similar circumstances;

• whether the City's stated reasons for termination were pretextual;

• whether retaliatory motive existed;

• whether Appellant remained medically authorized to work; and

• whether the termination decision had been predetermined before meaningful consideration of Appellant's response.

Departmental policy governing the Pre-Disciplinary Conference (“PDC”) prohibited corrective action at the conclusion of the conference. Nevertheless, Appellant was terminated immediately following the PDC itself after being asked to step outside and then called back into the room and presented with termination paperwork.

These disputed factual issues formed the basis of Appellant’s opposition to summary judgment.

ARGUMENT

I. The Panel Decision Conflicts With Supreme Court Precedent Governing Summary Judgment.

The Supreme Court has repeatedly held that courts may not weigh evidence, resolve credibility disputes, or choose among competing factual inferences at summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Tolan v. Cotton, 572 U.S. 650 (2014).

In this case, disputed factual issues existed concerning:

- ADA qualification;
- continuation of accommodation;
- availability of modified-duty work;
- retaliatory motive;
- comparator treatment;
- pretext;
- procedural adequacy; and
- predetermination of the termination decision.

Those factual disputes should have been reserved for a jury.

The district court's grant of summary judgment—and the Panel's affirmance—necessarily invaded the constitutional province of the jury by resolving disputed factual questions against the nonmoving party.

## II. The Panel Decision Conflicts With Fifth Circuit ADA Precedent Governing Qualification And Accommodation.

The Fifth Circuit has repeatedly recognized that disputes concerning qualification and reasonable accommodation are often fact-intensive jury questions inappropriate for summary judgment where competing inferences exist. EEOC v. Chevron Phillips Chem. Co., 570 F.3d 606 (5th Cir. 2009); EEOC v. LHC Group, Inc., 773 F.3d 688 (5th Cir. 2014).

The record contains evidence demonstrating that Appellant remained medically authorized to work, was actively performing duties in a physician-approved light-duty capacity, and remained within statutory leave protection at the time of termination.

These facts directly bear on qualification under the ADA and the continuation of reasonable accommodation. At minimum, the record presents genuine disputes of material fact inappropriate for summary judgment.

## III. The Panel Decision Conflicts With Precedent Governing Pretext And Comparator Analysis.

The record contains evidence supporting competing inferences regarding retaliatory motive and pretext.

Under Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000), evidence undermining an employer's explanation may support an inference of unlawful motive sufficient to survive summary judgment.

Comparator disputes likewise ordinarily present jury questions where the record permits competing factual inferences regarding similarly situated employees. Lee v. Kansas City Southern Railway Co., 574 F.3d 253, 259–60 (5th Cir. 2009).

Here, Appellant presented evidence that other employees were not terminated under similar attendance or leave-related circumstances while Appellant remained medically authorized and within statutory leave protection.

The Panel's affirmance conflicts with those governing standards by resolving disputed factual inferences and credibility determinations in favor of the City.

IV. The Panel Decision Raises Important Constitutional Questions Regarding Procedural Due Process.

The record also contains substantial evidence supporting Appellant's procedural due process claim under Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985).

Departmental policy governing the Pre-Disciplinary Conference ("PDC") expressly prohibited corrective action at the conclusion of the conference.

Nevertheless, immediately following the PDC itself, Appellant was asked to step outside, then called back into the room and presented with termination paperwork.

This sequence of events supports a reasonable inference that the termination decision had been predetermined before meaningful consideration of Appellant's response.

Under Loudermill, a pre-termination hearing must provide meaningful notice and an opportunity to respond before the final decision is made.

Whether Appellant received constitutionally adequate process presents an important constitutional issue warranting en banc review.

V. The Panel Decision Implicates Important Constitutional Questions Regarding The Role Of The Jury.

The Seventh Amendment preserves the constitutional role of the jury in resolving disputed factual issues.

Here, disputed factual questions regarding:

• qualification;

• accommodation;

• retaliatory motive;
• comparator treatment;

• pretext;

- procedural adequacy; and

- predetermination

were removed from the jury through summary judgment.

En banc review is warranted to ensure continued adherence to governing Rule 56 principles and constitutional limitations on judicial fact-weighing.

CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court grant rehearing en banc, vacate the Panel opinion, and remand this matter for trial by jury.

Respectfully submitted,

/s/ Felicia Scroggins

Pro Se Appellant

9314 Sandalwood Dr.

Shreveport, Louisiana 71118

Email: frscroggins@gmail.com

Phone: (318) 349-8944

CERTIFICATE OF COMPLIANCE

(FRAP 32(g))

1. This petition complies with Fed. R. App. P. 35 and 40 because it is within the length permitted for petitions for rehearing.

2. This petition complies with Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in 14-point Times New Roman font, with 1-inch margins, in a proportionally spaced typeface.

/s/ Felicia Scroggins

Pro Se Appellant

CERTIFICATE OF SERVICE

I certify that on this date, I served this Petition by email upon:

jwoodley@padwbc.com

mbro@padwbc.com

and submitted it to:

Clerk of Court
U.S. Court of Appeals for the Fifth Circuit

Shatyra_Rasheed@ca5.uscourts.gov

/s/ Felicia Scroggins

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 13, 2026
Lyle W. Cayce
Clerk

No. 25-30695

Felicia Scroggins,

*Plaintiff—Appellant*,

*versus*

City of Shreveport,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-1549

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

After reviewing the parties' briefs and the record, we find no reversible error. We AFFIRM. *See* 5th Cir. R. 47.6.

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.